**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

|  |  |
|---|---|
| MOLD CABLE INC., | HONORABLE KAREN M. WILLIAMS |
| *Plaintiff*, | Civil Action |
| v. | No. 24-352 (KMW) (AMD) |
| U.S. SMALL BUSINESS ADMINISTRATION, | |
| *Defendant*. | **OPINION** |

APPEARANCES:

Lewis G. Adler, Esq.
**LAW OFFICE OF LEWIS ADLER**
26 NEWTON AVENUE
WOODBURY, NJ 08096

*Attorneys for Plaintiff*


Kevin James Maggio, Assistant United States Attorney
**DOJ-USAO**
CIVIL
401 MARKET STREET
P.O. BOX 2098
CAMDEN, NJ 08101-2098

*Attorneys for Defendant*

**WILLIAMS, District Judge:**

## I.    INTRODUCTION

Before the Court is Defendant U.S. Small Business Administration's ("SBA" or "Defendant") Motion to Dismiss (ECF No. 7-1, "MTD Br.") Plaintiff Mold Cable, Inc.'s ("Plaintiff") Complaint (ECF No. 1). Plaintiff opposes the motion. (ECF No. 9, "Opp. Br.") Defendant replied. (ECF No. 10, "Reply.") The Court, having reviewed the Parties' submissions and considered the MTD without oral argument pursuant to Federal Rule of Civil Procedure 78(b), grants Defendants' MTD and dismisses the Complaint with prejudice.

## II.    FACTUAL BACKGROUND[1]

### a.    The Parties

Plaintiff is a New Jersey corporation that describes itself as "one of the leading workforce providers for quad-play installations of Digital Cable, High-speed Internet, [Voice over Internet Protocol (VOIP)], [and] Alarm Systems."[2] (*See* Compl., ¶ 1, ECF No. 1.)

Defendant is a cabinet-level agency in the Federal Government with a mission "to help small business owners and entrepreneurs pursue the American dream" by providing "counseling, capital, and contracting expertise as the nation's only go-to resource and voice for small businesses."[3] Kelly Loeffler is the Administrator of SBA.[4]

---

[1] When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). The facts are taken from Plaintiffs' Complaint and public records of which this Court takes judicial notice. *See* Fed. R. Evid. 201.

[2] Mold Cable, Inc., *Our Company*, https://moldcable.com/about-us (last visited May 13, 2025).

[3] SBA, *About SBA*, https://www.sba.gov/about-sba (last visited May 13, 2025).

[4] SBA, *SBA Leadership-Kelly Loeffler*, https://www.sba.gov/person/kelly-loeffler (last visited May 13, 2025).

**b. Plaintiff's PPP Loan and the Final SBA Loan Review Decision**

On April 22, 2020, Plaintiff filed an application for a PPP loan, which was approved on May 1, 2020. (Compl., ¶¶ 9-10, Ex. A ("Final SBA Loan Review Decision"), ECF No. 1 at 10.) On or about May 12, 2020, Plaintiff received a PPP loan in the amount $3,726,400.00 from Wells Fargo Bank, National Association ("Wells Fargo"), the lender that funded and serviced Plaintiff's PPP Loan. (Compl., ¶ 11, Ex. B ("Email from Wells Fargo to Plaintiff, dated December 11, 2020"), ECF No. 1 at 13-14.) On or about September 14, 2021, Plaintiff applied to have its PPP Loan forgiven by Wells Fargo. (Compl., ¶ 12.) On or about January 28, 2022, Wells Fargo issued a decision granting Plaintiff partial loan forgiveness in the amount of $106,353.25. (Compl., ¶ 13, Ex. A.)

On October 31, 2022, Defendant issued its Final SBA Loan Review Decision concerning Plaintiff's PPP Loan, which Plaintiff received from Wells Fargo that same day. (Compl., ¶ 14, Ex. A.) "Based on a review of lender and/or borrower submissions, and consideration of the facts and circumstances," Defendant "determined that [Plaintiff] was ineligible for the PPP loan amount received." (Compl., Ex. A, ECF No. 1 at 10.) The Final SBA Loan Review Decision stated: "After review of the documentation provided, the SBA [] recalculated [Plaintiff's] maximum eligible loan amount and thus limited forgiveness to this eligible amount. [Plaintiff's] PPP loan application signed on April 22, 2020, requested $3,726,400 for one employee. Utilizing the 2019 W2 [Plaintiff submitted], [g]ross wages were reported as $105,600. Wages in excess of $100,000 were $5,560[.00]." (*Id.*)

After an additional $711 state tax assessment, the resulting maximum eligible loan amount was $20,981.46. (*Id.*) Defendant's Final SBA Loan Review Decision advised Wells Fargo that the decision must be provided to Plaintiff within five business days and contained information

concerning Plaintiff's right to appeal. (*Id.* at 11.) The Final SBA Loan Review Decision stated that "[p]ursuant to 13 C.F.R. § 134.1201(b), [Plaintiff] has the right to appeal to SBA's Office of Hearings and Appeals." (*Id.*) It further advised that Plaintiff's "appeal petition must be filed with SBA's Office of Hearings and Appeals (OHA) within 30 calendar days after [Plaintiff's] receipt of the final SBA loan review decision." (*Id.* (citing 13 C.F.R. § 134.1202(a)).) The Final SBA Loan Review Decision further advised that "[a]n appeal to OHA is an administrative remedy that must be exhausted before judicial review of a final SBA loan review decision may be sought in a federal district court." (*Id.* (citing 13 C.F.R. § 134.1201(d)).) On March 27, 2023, Defendant purchased Plaintiff's remaining loan balance of $3,705,418.54 from Wells Fargo. (Compl., Ex. B at 14.)

### c. Plaintiff's Appeal of the Final SBA Loan Review Decision

"On or about December 20, 2023, [Plaintiff] filed an appeal of the [Final SBA Loan Review Decision] with" Defendant's Office of Hearings and Appeals—more than a year after its 30-day deadline to appeal the Final SBA Loan Review Decision had expired. (*See* Compl., ¶¶ 14, 19.) The appeal was assigned to Administrative Law Judge ("ALJ") Gerald J. Hill. (*See* Compl., Ex. C ("Order Dismissing Appeal"), ECF No. 1 at 16-17.) The same day, ALJ Hill ordered Plaintiff to show cause why its appeal should not be dismissed as untimely and advised "that [Plaintiff] may avoid dismissal by filing documentation demonstrating that the appeal is timely." (*Id.* at 16.) ALJ Hill asked Plaintiff about a discrepancy in its submissions regarding when it received the Final SBA Loan Review Decision.[5] (*Id.*) Specifically, the information Plaintiff entered into the "online OHA Case Portal" when initiating the appeal indicated that Plaintiff received the Final SBA Loan Review Decision on December 11, 2023, but the documentation Plaintiff submitted as part of its appeal indicated that it received the Final SBA Loan Review Decision no later than April 2023.

---

[5] The timing of Plaintiff's receipt of the Final SBA Loan Review Decision is an essential fact in determining whether Plaintiff's appeal was timely because it triggers the 30-day appeal deadline. 13 C.F.R. § 134.1202(a).

(*See id.* at 16.) On October 21, 2023, Plaintiff responded to the ALJ's order to show cause, in

pertinent part, as follows:

> Our client, Mold Cable, Inc., retained our firm, the Law [O]ffice of
> Lee M. Perlman in March of 2023 to Appeal a denial of Forgiveness.
> . . . The denial was a response to [Plaintiff's] submission prepared
> incorrectly by Mr. Serghei Busmachiu, the CEO. As to the timing of
> materials received, we believe Mr. Busmachiu was unaware of
> specific deadlines requiring actions to be taken which accounts for
> the time lapse from 10/31/2022 to March 2023. As we stated in our
> documents, we have worked diligently in submitting documents
> from April 2023 to the present involving many government agencies
> and departments. We are now hoping that OHA will consider and
> overlook the technicality of "Timing" and consider our Appeal
> based on the merit of the documents now submitted. The fact
> remains, that the use of the [PPP Loan] was to maintain employee
> headcount and compensation levels as per the guidelines of the
> [Paycheck Protection] Program.

> (*Id.* at 16-17.)

ALJ Hill dismissed Plaintiff's appeal as untimely on December 22, 2023. (Compl., ¶ 22,

Ex. C at 16-17.) In reaching his decision, ALJ Hill considered Plaintiff's response to the order to

show cause and found that it did "not demonstrate that the appeal [wa]s timely. Rather, [Plaintiff]

concede[d] [that] the appeal is untimely." (Compl., Ex. C at 16-17.) ALJ Hill concluded that he

could not "grant [Plaintiff's] request to overlook the untimely filing and consider the merit of

[Plaintiff's] documents" because an SBA Office of Hearings and Appeals "judge may not modify

the period for filing the appeal petition and must dismiss an untimely appeal." (*Id.* at 17 (citing 13

C.F.R. §§ 134.1202(c)(3)(i)(A), 134.1205(a)(2)).) Plaintiff submitted a Request for

Reconsideration of ALJ Hill's decision on or about December 26, 2023. (Compl., ¶ 24.) Plaintiff

requested that ALJ Hill consider setting aside and vacating his initial decision because Plaintiff's

"failure to answer or otherwise 'Timely' submit [the appeal] was due to 'Excusable Neglect[.]'"

(Compl., Ex. D ("Order Denying Petition for Reconsideration"), ECF No. 1 at 20.) "If a request

for reconsideration is filed and the SBA administrator does not exercise discretion to review or reverse the initial decision, [SBA's Office of Hearings and Appeals] will decide the request for reconsideration." (*Id.* at 19 (citing 13 C.F.R. § 134.1211(c)).) "A request for reconsideration must clearly show an error of fact or law material to the decision." (*Id.* (citing 13 C.F.R. § 134.1211(c)).) ALJ Hill dismissed Plaintiff's request, finding:

> The [request for reconsideration] does not clearly show an error of fact or law material to the dismissal order. In arguing that its "failure to answer or otherwise 'Timely' submit was due to 'Excusable Neglect,'" [Plaintiff] again appears to concede it did not file the appeal petition within 30 days from the date it received a copy of the October 31, 2022, [Final SBA Loan Review Decision], as required by 13 C.F.R. § 134.1202(a). As stated in the order to show ca[u]se, the dismissal order, and above, a judge may not modify the time period for filing the appeal petition and must dismiss[] an untimely appeal.
>
> (*Id.* at 20 (citing 13 C.F.R. §§ 134.1202(c)(3)(i)(A), 134.1205(a)(2)).)

Accordingly, ALJ Hill denied Plaintiff's request for reconsideration and ordered that the appeal remain dismissed. (*Id.*)

## III.    LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).    A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

A district court may consider allegations in the complaint; matters of public record, orders, and exhibits attached to the complaint are taken into consideration. *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pac. LLC*, 945 F. Supp. 2d 543, 551 (D.N.J. 2013)(citing *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990)). Thus, generally, a district court cannot consider matters that are extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, one exception is that courts may consider documents integral to or explicitly relied upon in the complaint without converting the motion to dismiss to one for summary judgment. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)(citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426). In this regard, it is critical to consider "whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

## IV.    DISCUSSION

### a.    Administrative Remedies for Final SBA Loan Review Decisions.

"For a PPP loan of any size, SBA may undertake a review at any time in SBA's discretion." *Paycheck Protection Program – Loan Forgiveness Requirements and Loan Review Procedures as Amended by Economic Aid Act*, 86 Fed. Reg. 8283-02, 8294, 2021 WL 394729 (Feb. 5, 2021). "For example, SBA may review a loan if the loan documentation submitted to SBA by the lender or any other information indicates that the borrower may be ineligible for a PPP loan, or may be ineligible to receive the loan amount or loan forgiveness amount claimed by the borrower." *Id.* Additionally, if a lender issues a decision to SBA determining that the borrower is not entitled to forgiveness in any amount, the borrower "may notify the lender" within 30 days "that it is requesting that SBA review the lender's decision," and "SBA reserves the right to review the lender's decision in its sole discretion." *Id.* If SBA reviews a loan and issues a "Final SBA Loan Review Decision" concerning PPP loan forgiveness, SBA regulations provide that the decision may be appealed to SBA's Office of Hearings and Appeals. 13 C.F.R. § 134.1201(a). A Final SBA Loan Review Decision is appealable if SBA determined that a borrower:

> (1) Was ineligible for a PPP loan; (2) Was ineligible for the PPP loan amount received or used the PPP loan proceeds for unauthorized uses; (3) Is ineligible for PPP loan forgiveness in the amount determined by the lender in its full approval or partial approval decision issued to SBA; and/or (4) Is ineligible for PPP loan forgiveness in any amount when the lender has issued a full denial decision to SBA.

> § 134.1201(b).

A borrower cannot appeal a loan decision made by a lender directly; rather, the borrower must first receive a Final SBA Loan Review Decision in which one of the determinations in 13 C.F.R. § 134.1201(b)(1)-(4) is made. *See* § 134.1203. "An appeal petition must be filed with

[SBA's Office of Hearings and Appeals] within 30 calendar days after the appellant's receipt of the final SBA loan review decision." § 134.1202(a). "An appeal to [SBA's Office of Hearings and Appeals] is an administrative remedy that must be exhausted before judicial review of a final SBA loan review decision may be sought in a Federal district court." § 134.1201(d).

### b. The Complaint is Dismissed for Failure to Exhaust Administrative Remedies.

Defendant seeks to dismiss Plaintiff's Complaint on the grounds that it failed to exhaust administrative remedies when it did not appeal within time. (MTD Br. at 14.) In its scant opposition brief, Plaintiff acknowledges the SBA issued its Final Loan Review Decision on October 31, 2022 and that the timing of the administrative appeal is critical to this Court's determination, but argues that its appeal to the ALJ was timely because it was filed within 30 days of receiving an email from Wells Fargo on December 11, 2023 answering Plaintiff's inquiry about its loan status. (Opp. at 2.)

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). "The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *Id.* at 88-89 (quoting *McKart*, 395 U.S. at 193).[6] The Supreme Court has repeatedly reaffirmed that exhaustion is crucial because "'frequent and deliberate flouting of administrative processes' could weaken an agency's effectiveness by encouraging disregard of its procedures." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992) (quoting *McKart*, 395 U.S. at 195). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules

---

[6] The Third Circuit has "adhered to the exhaustion doctrine for several reasons: (1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors." *Arias v. U.S. Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981).

because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91.

"Where a regulation requires exhaustion, a party's failure to exhaust administrative remedies precludes judicial review of its claim." *Palladian Partners, Inc. v. United States*, 783 F.3d 1243, 1255 (Fed. Cir. 2015) (citing *Sims v. Apfel*, 530 U.S. 103, 108 (2000); *Sandvick Steel Co. v. United States*, 164 F.3d 596, 599-600 (Fed. Cir. 1998)); *see also Wilson v. MVM, Inc.*, 475 F.3d 166, 174 (3d Cir. 2007) ("Jurisdictional exhaustion, however, is a prerequisite to a court's subject matter jurisdiction.").

SBA regulations state that "a borrower challenging an SBA PPP loan forgiveness determination must file "[a]n appeal petition . . . with [SBA's Office of Hearings and Appeals] within 30 calendar days after [] receipt of the final SBA loan review decision." 13 C.F.R. § 134.1202(a). When an appeal is filed after the 30-day period, "the [Administrative Law] Judge *must* dismiss the appeal." § 134.1205(a)(2) (emphasis added); *see also* § 134.1202(c)(3)(i) ("A[n] [Administrative Law] Judge may modify any time period or deadline, except . . . [t]he time period governing commencement of a case (*i.e.*, when the appeal petition may be filed)[,] and . . . [a] time period established by statute."). SBA's regulations further state that "[a] borrower cannot directly file an appeal of a decision made by a lender concerning a PPP loan with [SBA's Office of Hearings and Appeals]." 13 C.F.R. § 134.1201(c). Rather, only the SBA's Final SBA Loan Review Decision in which one of the determinations in § 134.1201(b)(1)-(4) was made is appealable. *Id.*; *see also* § 134.1201(a) ("The rules of practice in this subpart apply to appeals to [SBA's Office of Hearings and Appeals] from certain final SBA loan review decisions under the Paycheck Protection Program . . . .").

The Third Circuit has held that "[j]udicial admissions are formal concessions in the pleadings, or stipulations by the party or its counsel, that are binding upon the party making them." *Parilla v. IAP Worldwide Serv., VI, Inc.*, 368 F.3d 269, 275 (3d Cir. 2004); *see also, e.g.*, *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 181 (3d Cir. 2008) ("Although [plaintiff's] attempt to salvage its . . . claim now requires that it take a contrary position, the allegation in the amended complaint is a binding judicial admission."); *Pickett v. Ocean Monmouth Legal Servs., Inc.*, No. 11-6980, 2012 WL 1601003, at *4 (D.N.J. May 7, 2012) (granting motion to dismiss where an argument put forward in plaintiff's opposition brief "directly conflict[ed] with the [o]riginal [c]omplaint" because "[a] party cannot be permitted to take such contrary positions in the same litigation").

Here, Plaintiff's Complaint alleges that "[o]n or about October 31, 2022 the Plaintiff receives the Final Loan Review Decision from the SBA to Wells Fargo." (Compl., ¶ 14.) Thus, Plaintiff's own pleadings make clear that its appeal of the SBA decision approximately 14 months later was untimely. *See* 86 Fed. Reg. at 8294; *see also Parilla*, 368 F.3d at 275.

Moreover, Plaintiff cites to no authority to support its argument that Wells Fargo's December 11, 2023 email, rather than the SBA's Final Loan Review Decision, triggers the 30-day window to file its appeal. Contrary to Plaintiff's argument, the date of the SBA Loan Review Decision governs the timing of the appeal. *See* 13 C.F.R. § 134.1201(c); 13 C.F.R. § 134.1202(a). Notably, Plaintiff also mischaracterizes the Wells Fargo email as the denial of its appeal, when in fact it was a response to Plaintiff's request to supply information regarding its PPP loan status. (*See* Compl., Ex. B at 14.) Yet Plaintiff alleges that it first received Wells Fargo's decision partially forgiving its PPP loan on January 28, 2022, demonstrating that Plaintiff was well aware of the decision prior to the December 11, 2023 email responding to Plaintiff's inquiries. (Compl., ¶ 13.)

Finally, the record before the ALJ further demonstrates that Plaintiff's appeal was untimely. There, the ALJ notes that Plaintiff acknowledged that it retained counsel in March of 2023 to appeal the denial of its application and asked the ALJ to simply "overlook the technicality of 'Timing' and consider [Plaintiff's] Appeal based on the merit of the documents now submitted." (Compl., Ex. C at 16-17.) In its opposition to the instant motion, Plaintiff does not object to the ALJ's characterization of Plaintiff's position in his Order Dismissing Appeal, which is consistent with Plaintiff's allegation in its Complaint that it indeed received the Final SBA Loan Decision long before Wells Fargo's December 2023 email. (*See* Compl., ¶ 13; *see generally* Opp.) Thus, the ALJ properly dismissed Plaintiff's appeal as untimely, just as the applicable regulations required. *See* § 134.1205(a)(2); § 134.1202(c)(3)(i).

Accordingly, the Court finds that Plaintiff's Complaint must be dismissed for failure to timely exhaust administrative remedies. Because Plaintiff's failure cannot be salvaged by any amendment to the Complaint, the Court further finds that leave to amend would be futile. Thus, the dismissal is with prejudice.

## V.     CONCLUSION

For all the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 7) is **GRANTED**. An order consistent with this Opinion will be entered.

Dated: May 14, 2025

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE